IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No.: 7:19-CR-00025 (WLS-TQL) |
| | : |
| QUINTON JAROD SIMMONS, | : |
| | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

Jury trial began in this case on Monday, February 7, 2022. On the morning of February 9, 2022, the Government filed a Motion in Limine to preclude Defendant from presenting the testimony of Melvin Higgins regarding what his deceased brother told him in the summer of 2018. (Doc. 132.) The Government argued that this testimony was inadmissible under Federal Rule of Evidence 804(b)(3) because there were no corroborating circumstances that clearly indicated its trustworthiness. The Court heard argument from defense counsel and the Government's counsel and further heard the expected testimony from Melvin Higgins and from the Government's rebuttal witness. Thereafter, the Court denied the Government's motion in limine. The Court issues this Order to memorialize the findings made for the denial of that motion.

Statements of an unavailable declarant are only admissible under Rule 804(b)(3) if there are "corroborating circumstances [that] clearly indicate the trustworthiness of the statement." *United States v. Thomas*, 62 F.3d 1332, 1337 (11th Cir. 1995) (citing *United States v. Walker,* 59 F.3d 1196, 1199 (11th Cir.1995)). "[C]onsideration of a statement's trustworthiness requires a review of findings of fact and a review of the trial court's application of a legal standard to the

facts." *United States v. Berry*, 496 F. App'x 938, 942 (11th Cir. 2012) (citation omitted). While some courts have considered the witness's credibility in making this determination, the Advisory Committee's note to the Rule states that "[t]o base admission or exclusion of a hearsay statement on the witness's credibility would usurp the jury's role of determining the credibility of testifying witnesses." *United States v. Underwood*, 654 F. App'x 403, 406 (11th Cir. 2016) (quoting Fed. R. Evid. 804(b)(3) advisory committee's note to 2010 amendment). But district courts should undertake an analysis of the "corroborative underpinnings of the proffered testimony." *United States v. Ocasio-Ruiz*, 779 F.3d 43, 47 (1st Cir. 2015). "The rule's corroboration requirement reflects 'a long-standing concern … that a criminal defendant might get a pal to confess to the crime the defendant was accused of, the pal figuring that the probability of his actually being prosecuted either for the crime or for perjury was slight.'" *United States v. Henderson*, 736 F.3d 1128, 1130 (7th Cir. 2013).

Courts have found it error to exclude statements made under circumstances similar to those proffered here. *See, e.g.*, *Ocasio-Ruiz*, 779 F.3d at 48 (finding that district court could have abused its discretion in excluding declarant's confession to his mother because "making a statement against interest to a close relation is a competent corroborating fact[,]. . . . [and] [t]he nature of the statement (a confession to murder could subject the declarant to severe penalty), the detail of the proffer (which included several admissions that [the declarant] acted alone), the location in which it was made (a non-custodial, family setting) provide further corroborating elements."); *United States v. Hatfield*, 591 F.3d 945 (7th Cir. 2010) (finding a statement sufficiently trustworthy and admissible that was made by the declarant while the crime was in progress on a 911 call, there was evidence the declarant was present, and there was no suggestion the declarant knew the defendant).

2

As the Court explained at the motions hearing, there was sufficient evidence of trustworthiness and corroboration to allow Higgins to testify, including Simmons' statements to several police officers and that the declarant's statements were against his interest, were made while the events at issue were occurring, contained detailed information, and were made to the declarant's close family member in a non-custodial setting. Higgins further testified that he had not spoken to Defendant since the incident and did not know Defendant well, and he explained when and why he is relaying the declarant's statements. The evidence presented established that the statements were supported by sufficient corroboration to be admissible under Rule 804(b)(3).

Accordingly, for the reasons stated at the hearing and in this Order, the motion in limine (Doc. 132) is **DENIED**.

**SO ORDERED**, this 10th day of February 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**